UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:  CAPTAIN BLYTHER'S, INC.,  )    No. C-03-3399 SC
                                  )
        Debtor.                   )
_____ )    ORDER DENYING NEW
                                  )    HAMPSHIRE INSURANCE
THE CITY OF MARTINEZ,             )    COMPANY'S MOTION FOR
                                  )    ATTORNEY'S FEES
        Appellant / Third Party   )    _____
        Plaintiff,                )
                                  )
                                  )
        v.                        )
                                  )
NEW HAMPSHIRE INSURANCE COMPANY,  )
                                  )
        Appellee / Third Party    )
        Defendant.                )
_____ )

I.    **INTRODUCTION**

     This case has returned to this Court after review by the
Ninth Circuit Court of Appeals.

     In 2000, the City of Martinez ("City" or "Martinez") filed a
third-party complaint against New Hampshire Insurance Company
("NH") in the Bankruptcy Court for the Northern District of
California.  NH prevailed on its motion for summary judgment, a
ruling which the City appealed to this Court, which reversed.  On
appeal, the Ninth Circuit reversed this Court and remanded with
instructions that this Court enter judgment for NH.

     Presently before the Court is NH's motion for attorney's fees
in the amount of $190,971.00.

     For the reasons stated herein, the Court DENIES NH's motion.

**United States District Court**
For the Northern District of California

## II.   BACKGROUND

This third-party action arises from litigation over a 1997 lease agreement ("Lease") between the City of Martinez and the bankrupt debtor Captain Blyther's Inc. ("Captain Blyther's").[1] The Lease contained an attorney fee provision.  See New Hampshire Insurance Company's Memorandum in Support of Motion for Attorney's Fees at 1 ("NH's Mem.").  The Lease required Captain Blyther's to obtain insurance for the leased premises and to name Martinez as an additional insured.  See Order Remanding Case to Bankruptcy Court at 2, Docket Entry No. 23 ("Remand Order").  Captain Blyther's selected New Hampshire Insurance Company as the carrier of the policy ("Policy").  Id.  The Policy does not contain an attorney fee provision.  The City of Martinez's Memorandum in Opposition to Motion for Attorney's Fees at 1 ("City Mem.").

In 1998, Captain Blyther's filed a Chapter 11 Bankruptcy Petition and, in 1999, filed a complaint in the Bankruptcy Court against the City of Martinez for alleged breaches of the Lease. Remand Order at 5.  The City tendered its defense to NH, which refused to provide coverage.  Id. at 6.  Then, in 2000, the City filed a third-party complaint against NH.  Id.  After the Bankruptcy Court granted NH's motion for summary judgment, finding that NH had no duty under the Policy to defend Martinez in this matter, the City of Martinez appealed the Bankruptcy Court's decision to this Court.  Id. at 6-7.  This Court vacated and reversed the judgment of the Bankruptcy Court, a decision that the

---

[1] Alfred John Schlette is the sole officer, director, and shareholder of Captain Blyther's.  Remand at 2.

2

Ninth Circuit, in 2005, reversed with instructions to enter judgment for NH.  NH's Mem. at 3.  This Court entered judgment for NH in March 2006.  <u>See</u> Docket Entry No. 32.

Now, NH moves for attorney's fees in accordance with Local Rule 54-6 in the amount of $190,971.00.  NH's Mem. at 3.

## III. <u>DISCUSSION</u>

The Court's ruling on this motion turns on the merit of NH's assertion that though NH is not a signatory to the Lease, it can recover attorney fees through it because the instant action "is premised on the complaint filed by Captain Blyther's against Martinez.  The Captain Blyther's complaint is premised on a breach of the Lease, which contains an attorney fee provision."  NH's Mem. at 4.  If this contention is meritless, NH's other contentions are without foundation and the Court will dismiss the motion.[2]

The City of Martinez contends that the "litigation between Martinez and New Hampshire arises out of an insurance contract between Martinez and New Hampshire.  That insurance contract does <u>not</u> provide for attorney fees to the prevailing party in a dispute over coverage."  City Mem. at 1.

NH faces an uphill battle.  The Bankruptcy Code does not

---

[2] More specifically, NH contends that (A) state law controls the issue of attorney's fees, (B) the third party action by Martinez against NH arose from the lease and was "thus on the contract," (C) NH is owed fees because it was the prevailing party, (D) California Civil Code § 1717 applies to non-signatories to a contract, (E) the fees provision in the contract is broad enough to encompass the action by Martinez against NH, (F) NH "is subrogated to the rights and liabilties of Martinez under the lease" and (G) the fees and costs sought by NH are reasonable.

**United States District Court**
For the Northern District of California

1   provide a general right to attorney's fees.  See Heritage Ford v.

2   Baroff (In re Baroff), 105 F.3d 439, 441 (9th Cir. 1997).  A

3   prevailing party, however, "may be entitled to an award of

4   attorney fees in accordance with applicable state law if state law

5   governs the substantive issues raised in the proceedings."  Id.

6   (citations removed).  "Because state law necessarily controls an

7   action on a contract, a party to such an action is entitled to an

8   award of fees if the contract provides for an award and state law

9   authorizes fee shifting arrangements."  Id.

10       In California, attorney's fees are awarded to the prevailing

11  party in an action on a contract, where the contract specifically

12  provides for the award of attorney's fees and costs, even if the

13  prevailing party is not a signatory to the contract.  See

14  California Civil Code § 1717.  Section 1717 was enacted to "avoid

15  the perceived unfairness of one-sided attorney fee provisions."

16  International Billing Services, Inc. v. Emigh, 84 Cal. App. 4th

17  1175, 1182 (Cal. Ct. App. 2000).  "Its purposes require section

18  1717 be interpreted to further provide a reciprocal remedy for a

19  nonsignatory defendant, sued on a contract as if he were a party

20  to it, when a plaintiff would clearly be entitled to attorney's

21  fees should he prevail in enforcing the contractual obligation

22  against the defendant."  Reynolds Metals Company v. Alperson, 25

23  Cal.3d 124, 128 (1979) (emphasis added).

24       The Court finds that NH cannot recover attorney's fees.  The

25  City sued NH as a defendant on the Policy, not the Lease.  Though

26  the Lease is part of the factual genealogy of the third-party

27  action, the action was an adjudication of the parties'

28

                                4

responsibilities and rights under the Policy.[3]

NH cites four cases in support of its contention, none of which are in the least helpful.  In the first, <u>California Wholesale Material Supply, Inc. v. Wilson & Sons, Inc.</u>, a subcontractor assigned its accounts receivable to the plaintiff, pursuant to a security agreement that contained an attorney's fees provision.  96 Cal. App. 4th 598, 605 (Cal. Ct. App. 2002).  The plaintiff lost in its action against the defendant Wilson & Sons, Inc. to collect the fees owed by the subcontractor.  <u>Id</u>. 600-601. The California Court of Appeal held that the defendant was entitled to fees because the plaintiff, as assignee, held the rights and reciprocal obligations of the subcontractor under the security agreement, including attorney fees.  <u>Id</u>. at 605-606.

Unlike the defendant in <u>California Wholesale</u>, NH is not an assignee entitled to the rights under the Lease.

In the second case, <u>In re Baroff</u>, the Ninth Circuit, under California Civil Code § 1717, awarded attorney's fees to the prevailing party because the parties had "expressly agreed in the settlement agreement that the prevailing party in an action to enforce the agreement should recover his attorney fees."  105 F.3d

_____

[3] On this issue, the Court rejects NH's assertion that the attorney's fees provision in the Lease is broad enough to encompass the action between Martinez and NH.  NH's Mem. at 7.  That provision provides for attorney's fees in the event that a suit is brought by the lessor against the lessee to enforce payment of rent, conditions of the Lease, unlawful detention of the property, and possession.  <u>See</u> Declaration of Scott M. Reddie in Support of NH's Motion for Attorney's Fees, Ex. A at 755.  In addition to the fact that NH has not assumed or been assigned any rights under the Lease, the third-party action was not brought to litigate any of the issues covered by the provision.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

at 443.

Unlike the factual situation in In re Baroff, the third-party action in this case was brought to enforce the Policy, a contract without a fee provision, not the Lease.

In the third case, Texas Commercial Bank v. Garamendi, the California Court of Appeal held that the plaintiffs/appellants were entitled to attorney's fees under the investment contracts because the defendants/respondents, having been appointed conservators of the insolvent insurer, "stand[] in the shoes" of the insolvent insurer.  28 Cal. App. 4th 1234, 1245 (Cal. Ct. App. 2005).

Unlike the defendants/respondents in Texas Commercial, NH has not been appointed as a conservator nor does it occupy any position in which it assumes the legal rights and responsibilities of the parties to the Lease.

The final case NH cites on this issue is Dell Merk, Inc. v. Franzia, 132 Cal. App. 4th 443 (Cal. Ct. App. 2005).  Dell Merk Inc. secured a loan from Pacific State Bank through a security contract which contained an attorney's fees provision, and, secondly, through a pledge of security in the form of an assignment of proceeds from a construction contract Dell Merk Inc. had with Bobcat Central.  Id. at 445-446.  Pacific State Bank later tried - and failed - to recover money owed by Dell Merk Inc. from Bobcat Central through the security agreement with the attorney fee provision and through its assignment of proceeds from the construction contract.  Id. at 447-448.

Because the Bank was entitled to bring suit under the

security agreement, the California Court of Appeal ruled that, under the reciprocal arrangement mandated by section 1717, Bobcat Central was owed attorney's fees for its defense in the action on the security agreement, even though it was not a signatory to the agreement. Id. at 456. The court, however, ruled that it was not owed money on the action under the assignment because that contract – the one between Dell Merk Inc. and Bobcat – contained no attorney fees provision. Id. at 454.

Dell Merk Inc. involves a formal, legal assumption and assignment of rights for which there is no parallel in the present action.

NH loudly bruits the fact that "California courts liberally construe the term 'on a contract' as used within section 1717. As long as the action involve[s] a contract it is on [the] contract within the meaning of Section 1717." Dell Merk, Inc., 132 Cal. App. 4th at 455 (citations and internal quotation marks removed).

Though that statement is apparently broad, the principle it lays forth is applied more narrowly, indicating that a more careful reading of the statement is warranted. Dell Merk itself is an instance of this:

> The [California] Supreme court has concluded that Section 1717 provides a reciprocal remedy for a nonsignatory defendant sued on a contract as if he were a party to it, if the signatory would clearly be entitled to attorneys' fees should he prevail in enforcing the contractual obligation against the [nonsignatory]. Read literally, the requirements [] are met: Bank, in an action on a contract, sought damages from Franzia, a nonsignatory defendant. Had Bank established that Franzia was bound by the contract, it would have been entitled to attorneys' fees consistent with the terms of the security agreement.

Id. (citations and quotation marks removed).

7

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

The instant case is not like <u>Dell Merk</u>, upon which NH so heavily relies. The City of Martinez brought an action on the Policy, to which NH was a signatory. NH was not sued on the Lease and had no rights under it.

Yet, NH contends that because the Ninth Circuit and this Court looked to the Lease to find out whether NH was bound by the Policy to provide a defense, this action was therefore on the Lease. Reply to Opposition to NH's Motion for Attorney's Fees at 2. The Court finds that merely using the Lease to flesh out the factual circumstances surrounding the Policy does not constitute an action on the Lease.

The Court's determination that the Policy, rather than the Lease, is the contract at issue disposes of NH's contentions, as listed in Footnote 2[4], though one particular contention - that of subrogation - is worth one final note.

NH contends that

> had Martinez convinced the Court that it was entitled to a defense in the action brought against it by Captain Blyther's, and had Martinez ultimately prevailed in its action, Martinez would be entitled to attorneys' fees against Captain Blyther's under the Lease. New Hampshire, after defending Martinez in the action, would then be subrogated to Martinez' [sic] rights to collect attorneys' fees under the Lease. Accordingly, New Hampshire should be entitled to its attorneys' fees based on the Lease.

---

[4] Specifically, the Court agrees that state law controls the issue of attorney's fees and that section 1717 can apply to non-signatories of a contract. The Court does not find that the third-party action was on the Lease, nor does it find that NH was the prevailing party in any way that would entitle NH to attorney's fees. Because of these findings, the Court finds it unnecessary to consider whether the amount of fees and costs sought by NH is reasonable. This issue of the breadth of the Lease's attorney's fees provision was addressed in Footnote 3.

NH's Mem. at 10.

NH is hoist by its own petard.  This contention is a list of contingencies, not one of which has occurred.

NH does no better in the case law it cites.  The first, <u>Employers Mutual Liability Insurance Company v. Tudor-Saliba Corporation</u>, 17 Cal.4th 632, 639 (1998), is particularly inapposite because it deals with subrogation rights under a policy for workers' compensation insurance.  The second, <u>Allstate Insurance Company v. Loo</u>, states that an "insurer/subrogee paying for a loss has the right to pursue its insured's rights and remedies against the third-party causing the loss."  46 Cal. App. 4th 1794, 1799 (Cal. Ct. App. 1996).  Because NH refused to provide a defense for the City of Martinez, it cannot be said to be "paying for the loss."  The third case cited, <u>Texas Commerce Bank v. Garamendi</u>, was discussed above.

**IV.   CONCLUSION**

The Court finds that New Hampshire Insurance Company is not entitled to attorney's fees.  Accordingly, NH's motion is DENIED.

The Court will not now impose sanction on NH, as requested by the City of Martinez.


IT IS SO ORDERED.


Dated: May 11, 2006


_____
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California